UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Aqua Harvesters, Inc., Bay Head, Inc., C. Seaman Seafood, Ltd., Doxsee Sea Clam Co., Edgar Seafood Products, Inc., Fernandez & Family, Inc., Freeport Sea Clam Co., Inc., Lady Kim, Inc., Lyons Fisheries, Inc., Off Shore Diving Corp., Pek Claim Co., Inc., SMJ Products Corp., St. Peter Dock, Inc., Verbeke, Inc., Winter Harbor Brands, Inc., American Pride Seafood, LLC, Let Vessels, LLC, TMT Vessels (NY), LLC, Atlantic Capes Fisheries, Inc., Galilean Seafoods, LLC, Oceanside Packers, Inc., and Seawatch International, Ltd., | **MEMORANDUM & ORDER** <br><br> **NOT FOR PUBLICATION** <br><br> 17-cv-1198 (ERK) |
| Plaintiffs, | |
| – against – | |
| New York State Department of Environmental Conservation and Basil Seggos, individually and in his capacity as Commissioner of the New York State Department of Environmental Conservation, | |
| Defendants. | |

KORMAN, *J*.:

     This case involves New York's regulation of surfclam fishing. Plaintiffs are companies that own permits to harvest surfclams; a company that owns vessels for surfclam fishing that it seeks to lease; and companies that ship and process

1

surfclams. They filed suit to challenge three state regulations that plaintiffs claim violate federal law. Those regulations limit the amount that any one ship can harvest (the "Single Vessel Rule"); prohibit the use of most new vessels larger than 70 feet (the "70-Foot Rule"); and bar non-resident ships from using a New York "resident" permit to harvest surfclams (the "Residency Rule").

Judge Azrack denied a preliminary injunction in a scholarly ninety-six-page opinion, with which I assume familiarity. *See Aqua Harvesters, Inc. v. N.Y. State Dep't of Env't Conservation*, 399 F. Supp. 3d 15 (E.D.N.Y. 2019). Judge Azrack first held that plaintiffs' challenges to all three rules under the Dormant Commerce Clause failed, because Congress had expressly authorized state regulation of fishing that "differentiate[s] between residents and nonresidents." *Id.* at 40 (internal quotation omitted). Next, she held that the Single Vessel and 70-Foot Rules were not preempted by federal law and served legitimate state interests. *Id.* at 40–76. Judge Azrack likewise rejected plaintiffs' challenge to the 70-Foot Rule under the Equal Protection Clause. *Id.* at 76–78. Finally, Judge Azrack declined to reach plaintiffs' challenges to the Residency Rule because the vessels owned by non-New York residents were barred by both the 70-Foot Rule *and* the Residency Rule. *Id.* at 78–79. There was therefore no reason to assess the validity of the Residency Rule. *Id.*

After Judge Azrack issued her opinion, plaintiffs voluntarily dismissed their challenges to the 70-Foot Rule. ECF No. 47. Defendants now move to dismiss

2

plaintiffs' claims against the Residency and Single Vessel Rules. They argue that plaintiffs lack standing to challenge the Residency Rule because all their vessels that are prohibited by that rule are also prohibited by the 70-Foot Rule, the latter of which plaintiffs no longer challenge. Defendants also argue that the challenges to the Residency and Single Vessel Rules fail on the merits.

### I. **Plaintiffs' Challenges to the Single Vessel Rule Fails on the Merits**

Plaintiffs' challenges to the Single Vessel Rule fail for the reasons stated in Judge Azrack's preliminary injunction order. *See Aqua Harvesters*, 399 F. Supp. 3d at 40–65. I recognize, of course, that a plaintiff bears a "heavier burden" to obtain a preliminary injunction than it does in order to state a claim upon which relief may be granted. *New Hope Fam. Servs. v. Poole*, 966 F.3d 145, 165 (2d Cir. 2020). Notably, a court reviewing a motion for preliminary injunction is not required to accept the plaintiff's "allegations as true or to draw all reasonable inferences in its favor." *Id.* By contrast, a complaint survives dismissal so long as it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). That merely requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Judge Azrack's analysis applies notwithstanding this difference in the standard of review. Her order rested on a thorough discussion of the parties' legal arguments and did not turn on any factual disputes. Indeed, plaintiffs' opposition to the motion to dismiss merely reiterates the legal arguments that Judge Azrack already rejected (and barely mentions her opinion rejecting them). "Under the 'law of the case' doctrine, 'courts are understandably reluctant to reopen a ruling once made,' especially 'when one judge or court is asked to consider the ruling of a different judge or court.'" *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 94 (2d Cir. 2005) (quoting 18B Wright & Miller, Fed. Prac. & Proc. Juris. § 4478 (2d ed. 2002)). The law of the case is not binding and is merely a "matter of discretion." *Id.* (internal quotation omitted). In any event, I agree with Judge Azrack's holdings on the merits. I therefore dismiss the challenges to the Single Vessel Rule (Counts 1 and 4) with prejudice.[1]

---

[1] Plaintiffs' opposition to the motion to dismiss also argues that the Single Vessel Rule violates the Privileges & Immunities Clause. ECF No. 49 at 22–24. As Judge Azrack observed, however, "[p]laintiffs' complaint does not actually allege a Privileges and Immunities claim concerning the Single Vessel Rule." 399 F. Supp. 3d at 56 n.36. A party may not amend its complaint in an opposition brief to a motion to dismiss. *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *accord Palm Beach Mar. Museum, Inc. v. Hapoalim Secs. USA, Inc.*, 810 F. App'x 17, 20 (2d Cir. 2020).

## II.     Plaintiffs Lack Standing to Challenge the Residency Rule

Plaintiffs lack standing to challenge the Residency Rule. *See Davis v. FEC*, 554 U.S. 724, 734 (2008) ("[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought.") (internal quotation omitted). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* "Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element." *Id.* (internal quotation and alteration omitted).

Plaintiffs' challenge to the Residency Rule fails for lack of redressability, which requires a "non-speculative likelihood that the injury can be remedied by the requested relief." *Coal. of Watershed Towns v. E.P.A.*, 552 F.3d 216, 218 (2d Cir. 2008) (internal quotation omitted). "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998).

As Judge Azrack explained, the state "denied the harvesting companies' attempts to use the five vessels" that violate the Residency Rule "on two separate

5

and independent grounds: (1) the Residency Rule bars these vessels because they are from out of state; and (2) the 70-Foot Rule bars these vessels because they are all over 70 feet long." *Aqua Harvesters*, 399 F. Supp. 3d at 78–79.  Thus, even if the Residency Rule violates federal law, I can grant no meaningful relief because plaintiffs have abandoned their challenge to the 70-Foot Rule that independently bars the vessels covered by the Residency Rule.  Any harm that the Residency Rule causes plaintiffs would therefore not be remedied by a court order.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 568 (1992) (finding lack of redressability because plaintiffs had not "attack[ed] the separate decisions . . . allegedly causing them harm"); *Coal. of Watershed Towns*, 552 F.3d at 218 (holding that redressability was not satisfied because there was "no basis" to believe that the requested relief would place plaintiffs "in any different position than they are now"); 13A Wright & Miller, Fed. Prac. & Proc. Juris. § 3531.6 n.107 (3d ed. 2008) (observing that plaintiffs lack standing when there is an "independent cause" to the challenged injury that is not before the court).

Plaintiffs' counterarguments are unpersuasive.  They claim that they are harmed by the Residency Rule "irrespective of the five particular vessels" identified by Judge Azrack.  ECF No. 49 at 4.  They identify two ships for which a New Jersey company is the "beneficial and equitable owner" and that are under 70 feet and subject to the Residency Rule—and thus for which an order enjoining the Residency

Rule might well provide meaningful relief. *Id.* Those ships—the F/V Lauren and the F/V Silver Fox—are nowhere mentioned in the complaint or the affidavits supporting plaintiffs' request for a preliminary injunction. Plaintiffs have therefore failed to "allege[] facts that affirmatively and plausibly suggest that [they have] standing to sue." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (internal quotation omitted). As before, plaintiffs may not amend their complaint in their opposition to a motion to dismiss. *Wright*, 152 F.3d at 178.[2]

While plaintiffs have failed to establish standing to challenge the Residency Rule, their memorandum of law suggests that they may be able to allege facts satisfying the standing requirement (based on the ships owned by a non-New York company that comply with the 70-Foot Rule). Although plaintiffs do not request leave to amend, I will grant them an opportunity to amend given the "strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Secs., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (internal quotation omitted); *but see Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("While leave

---

[2] Plaintiffs also claim that the Residency Rule has forced them to transfer beneficial and equitable ownership of the F/V Roberta Lee into a newly-created New York entity. ECF No. 49 at 4. That allegation is likewise not in the complaint, and it is not evident that it would suffice to establish standing for the equitable relief that plaintiffs seek. *See Deshawn E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998) ("A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future.").

to amend under the Federal Rules of Civil Procedure is 'freely granted,' *see* Fed R. Civ. P. 15(a), no court can be said to have erred in failing to grant a request that was not made."). In granting leave to amend, I am mindful of Judge Azrack's observation in dicta that "the validity of the Residency Rule appears, as a matter of preemption, to be questionable" under a leading Supreme Court case. 399 F. Supp. 3d at 79. It therefore seems appropriate to provide plaintiffs an opportunity to allege sufficient facts to test the rule's validity on the merits.

## CONCLUSION

Plaintiffs' challenges to the Single Vessel Rule are dismissed with prejudice. Plaintiffs' challenges to the Residency Rule are dismissed without prejudice for lack of Article III standing. Plaintiffs may replead within thirty days, limited solely to their challenges to the Residency Rule. If plaintiffs amend their complaint, defendants may file a renewed motion to dismiss. If plaintiffs decline to amend, judgment will be entered without further notice.

SO ORDERED.

*Edward R. Korman*

Brooklyn, New York  Edward R. Korman
June 9, 2021  United States District Judge